UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LADARIUS D. MCGHEE,

          Plaintiff,

v.                                           Case No. 24-CV-435

MERRICK B. GARLAND,
ELIZABETH M. MONFILS,
and CHRISTOPHER WRAY,

          Defendants.

---

## REPORT AND RECOMMENDATION

---

      Plaintiff LaDarius D. McGhee, a prisoner confined at Columbia Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) On July 1, 2024, the court screened McGhee's complaint and found he failed to state a claim upon which relief may be granted. (ECF No. 8.) However, the court gave McGhee an opportunity to amend his complaint. On July 17, 2024, McGhee filed an amended complaint. (ECF No. 10.) On October 9, 2024, McGhee filed a motion for emergency relief. (ECF No. 12.)

      Because not all parties have had the opportunity to consent to magistrate-judge jurisdiction, this court cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). The clerk of court shall

therefore randomly assign this matter to a district judge for consideration of the recommendations outlined below.

# REPORT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

2

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*McGhee's Allegations*

McGhee alleges that in 2021 he was a confidential informant in a federal case, and he provided his "handler" with "key information." (ECF No. 10 at 2.) On November 10, 2023, he wrote defendant Assistant U.S. Attorney Elizabeth Monfils telling her that he learned there was "a $500,000.00 Bounty out on me." (*Id.*) Monfils did not respond. (*Id.*) On January 16, 2024, McGhee wrote Monfils again, and again she did not respond. (*Id.*)

On March 3, 2024, McGhee wrote defendant FBI Director Christopher Wray, telling him about the bounty out on him. (ECF No. 10 at 3.) Wray did not respond. (*Id.*) McGhee wrote Wray again on April 9, 2024, and again Wray did not respond. (*Id.*)

On April 16, 2024, McGhee wrote defendant Attorney General Merrick Garland, informing him of the bounty, and he included copies of his letters to Monfils and Wray. (ECF No. 10 at 3.) Garland did not respond. (*Id.*)

3

*Analysis*

McGhee asserts that the defendants violated his Eighth Amendment rights when they did not respond to his letters informing them that there was a bounty out on him due to his cooperation in another case.

McGhee's potential claims against the defendants would fall under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) because they are employed by a federal institution. Remedies under *Bivens* are limited, and the United States Supreme Court has recognized claims for only three circumstances: (1) a Fourth Amendment claim involving an unlawful search and seizure, as recognized by *Bivens*; (2) a Fifth Amendment due process claim involving gender discrimination, as recognized by *Davis v. Passman*, 442 U.S. 228 (1979); and (3) an Eighth Amendment claim for inadequate medical treatment as recognized by *Carlson v. Green*, 446 U.S. 14 (1980). McGhee's allegations that the defendants were deliberately indifferent to a threat against his life is not one of the recognized claims.

Additionally, McGhee's allegation that there is a threat against his life is vague. To sufficiently allege a claim for deliberate indifference, "there must be a risk of harm to the plaintiff that is so objectively serious as to be 'excessive' (and that risk must in fact materialize)." *Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023). McGhee's allegations do not indicate that the risk will materialize any time soon. Monfils also likely enjoys absolute immunity for actions that arise out of her duties as a federal prosecutor *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).

4

Additionally, Wray and Garland cannot be held liable because there is no indication they participated in the underlying decision to use McGhee as an informant. *See Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)).

The court determines that McGhee fails to state a claim upon which relief may be granted, and the case should be dismissed. Because there is no underlying claim, McGhee's motion for emergency relief (ECF No. 12) should be denied as moot.

**IT IS THEREFORE RECOMMENDED** that

- the case be dismissed for failure to state a claim upon which relief be granted and judgment entered accordingly;
- McGhee incur a strike under 28 U.S.C. § 1915(g).
- McGhee's motion for emergency relief (ECF No. 12) be denied as moot.

E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>517 E. Wisconsin Avenue, Room 362
>Milwaukee, Wisconsin 53202

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of entry of this recommendation. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 29th day of October, 2024.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge